IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 28 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 04-cv-01582-ZLW

OMAR PORTEE,

    Applicant,

v.

ROBERT A. HOOD,

    Respondent.

_____

## ORDER DENYING MOTION TO RECONSIDER

_____

Applicant Omar Portee filed *pro se* on September 29, 2005, a letter to the clerk of the Court.  In the letter, Mr. Portee apparently asks the Court to reconsider and vacate the Court's order and judgment of dismissal filed in this action on September 29, 2005.  The Court must construe the letter liberally because Mr. Portee is proceeding *pro se*.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons stated below, the letter will be construed liberally as a motion to reconsider, and the motion will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243.

Mr. Portee's motion to reconsider, which was filed more than ten days after the Court's order and judgment of dismissal filed on September 14, 2004, will be considered pursuant to Fed. R. Civ. P. 60(b).  Relief under Rule 60(b) is appropriate only in extraordinary circumstances.  *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant action without prejudice because Mr. Portee failed within the time allowed to cure the deficiencies designated in the July 30, 2004, order to cure.  Specifically, he failed to pay the $5.00 filing fee or to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action.  Mr. Portee alleges in the motion to reconsider that he was unable to comply with the Court's deadline because it took over a month for the $5.00 filing fee to be withdrawn from his inmate account and mailed to this Court.  Mr. Portee's belated explanation for his failure to comply with the Court's deadline to cure the designated deficiencies does not amount to extraordinary circumstances that would justify a decision to vacate the order of dismissal in this action.  Therefore, the motion to reconsider will be denied.  Mr. Portee is reminded that, because the Court dismissed the action without prejudice, he may pursue his claims by filing a new action if he chooses.  Accordingly, it is

ORDERED that the letter to the clerk of the Court, which the Court has construed

liberally as a motion to reconsider pursuant to consider pursuant to Fed. R. Civ. P.

60(b), is denied.

DATED at Denver, Colorado, this _27_ day of _____July_____ , 2005.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 04-cv-01582-ZLW

Omar Portee
Reg. No. 30063-037
ADX-Florence
P.O. Box 8500
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/28/05

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk